**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 30, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ADAM FLETCHER YOUNG,

      Petitioner-Appellant,

v.

MIKE ADDISON, Warden,

      Respondent-Appellee.

No. 12-6060

(W.D. of Okla.)

(D.C. No. 5:10-CV-00608-D)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Adam Fletcher Young, a former Oklahoma state prisoner proceeding pro se,

seeks a certificate of appealability (COA) to appeal the district court's denial of

his 28 U.S.C. § 2254 petition for a writ of habeas corpus.  Young's § 2254

petition raised three claims: ineffective assistance of counsel, due process

violations, and cumulative error.  The district court concluded Young failed to

establish the Oklahoma Court of Criminal Appeals's (OCCA) decision was

---

    [*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

contrary to, or based on an unreasonable application of, clearly established federal law. The court then denied Young a COA.

Having jurisdiction pursuant to 28 U.S.C. § 1291, we DENY Young's request for a COA and DISMISS his appeal.

## I. Background

In 2005, FBI and Bureau of Immigration and Customs Enforcement (ICE) agents began investigating Young after learning of suspicious flights he made in rented aircraft between cities on the United States/Mexico border and various cities elsewhere in the United States, despite being unemployed. FBI and ICE agents in El Paso, Texas, placed Young under surveillance on January 24, 2005, when he arrived there in a rented plane. They saw a van visit his hotel and later his plane at the El Paso airport, and observed people moving back and forth between the van and plane. Young then flew to Enid, Oklahoma, with the agents following in an ICE aircraft.

After landing at the airport in Enid, the agents approached Young to question him and ask for his consent to search the airplane. Young walked away from the agents when they asked to speak with him. After they repeated their request, he turned around and brandished a box cutter. The agents then drew their weapons and detained Young.

The agents read Young his *Miranda* rights and asked him whether he had anything in the plane other than cocaine. Young replied, "Cocaine? They told

-2-

me it was marijuana." R. Vol. II, July 18, 2005 Preliminary Hearing Tr. at 14. Young then told them he was flying the marijuana to Chicago. One agent said Young's small aircraft was full of bags stacked up to the window that were clearly visible from outside the plane.

The agents called a K-9 unit from the Enid Police Department, and the dog alerted to the presence of narcotics in the plane. Enid police then searched the plane and found the bags to contain bricks of marijuana. In total, police recovered 421 bricks weighing about 400 pounds from the plane. The Enid police officers testified that it did not appear the federal agents had searched the plane prior to their arrival.

Young disputes much of this. He maintains he believed he was transporting Mexican and Persian rugs, not marijuana. He says he drew the box cutter in self-defense because none of the federal agents had on a uniform or anything else identifying them as law-enforcement agents and he felt threatened by their approach. He says he was not read his *Miranda* rights and never told the federal agents he was carrying marijuana. He also claims the federal agents coerced him into consenting to a search of his plane, which they carried out before the Enid police arrived.

Following his arrest, Young was convicted in state court of trafficking in a controlled dangerous substance and was sentenced to 10 years in prison with a $100,000 fine. Young directly appealed his conviction in state court but was

unsuccessful.  *Young v. State*, No. F-2007-122 (Okla. Crim. App. May 16, 2008) (unpublished).  His state application for post-conviction relief also failed.  *Young v. State*, No. PC 2010-0008 (Okla. Crim. App. Mar. 09, 2010) (unpublished).

He then filed a § 2254 petition in federal district court.  The matter was referred to a magistrate judge, who examined each of Young's many claims and recommended the petition be denied.  The district court adopted the magistrate judge's recommendation and denied the petition.[1]  The district court also denied Young a COA.  This appeal followed.

## II.  Discussion

A state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA.  28 U.S.C. § 2253(c)(1).  A COA is a jurisdictional prerequisite to our review of a § 2254 petition.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Before granting a COA, we must conclude Young "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Young bears the burden of demonstrating "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or

---

[1]  Young was released from prison after the magistrate judge made her recommendation, but before the district court issued its decision.  The district court found Young's habeas petition was not moot because he filed it while in custody, and Young's state felony conviction carries collateral consequences.  *See Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998).  We concur in this assessment.

that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation omitted).

Young's claims have already been adjudicated on the merits in state court, so he can obtain federal habeas relief only if he can establish that the state court's adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Subsection (d)(1) applies to claims of legal error, whereas (d)(2) applies to claims of factual error. *House v. Hatch*, 527 F.3d 1010, 1015 (10th Cir. 2008). The state court's factual findings are presumed correct unless Young can rebut this presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## A. Procedural Error

Before we address the merits of Young's claims, we must address a procedural error he alleges the district court committed. Young filed a 74-page opening brief in support of his habeas corpus petition, and also included 466 pages of attachments that consisted mostly of materials outside the state court record. The magistrate judge informed Young his brief was not in compliance with Local Civil Rule 7.1(e), which sets a limit of 30 pages for opening briefs,

and struck his opening brief. The judge also noted that Young was instructed to state the factual basis for his habeas claim in his § 2254 petition, not in a separate brief. But because Young failed to do so, the magistrate judge granted him the opportunity to file an amended opening brief that complied with the 30-page limit and contained no attachments.

Young filed an amended 30-page opening brief with no attachments, but attempted to incorporate by reference hundreds of pages of other documents, including documents from his state court proceedings and most of the attachments to his noncompliant opening brief. He also filed a motion objecting to the magistrate judge's decision and asking the district court to reconsider her order striking his original brief because Federal Rule of Civil Procedure 10(c) allows incorporation by reference in pleadings. The district court denied Young's motion, and in her report and recommendation, the magistrate judge declined to consider any incorporated arguments and materials.

On appeal, Young reiterates his arguments that the federal rules allow incorporation by reference. He also argues that Rule 9(b), which requires fraud allegations to be alleged with specificity, required him to describe in detail what he claims are fraudulent acts by the state trial court, state prosecutor, and law enforcement witnesses who testified against him. He maintains these rules trump Local Civil Rule 7.1(e) and no page limit should have applied to his briefs.

Young's arguments are without merit. As the district court noted, Rule 10(c) does not apply to Young's brief. And his incorporation of hundreds of pages of documents, many of which are not in his state court record and are confusing or illegible, offends any notion of compliance with the rules. In any event, Young's amended opening brief before the district court adequately set out his claims for relief and the facts supporting those claims. That Young was unable to incorporate every argument he has ever made and every scintilla of evidence he believes supports those claims does not show he was unable to adequately support his habeas petition.

In addition, incorporation by reference is not permitted in appellate materials in this circuit. 10th Cir. R. 28.4. Thus we will not consider arguments Young made in state and district court that he attempts to incorporate into his appellate brief.

## B. Ineffective Assistance of Counsel

Young's first claim for relief before the district court was that his state appellate counsel was constitutionally ineffective. Young asserted his appellate counsel was ineffective for failing to raise the following 15 claims on appeal: (1) the ICE officer who arrested him lacked jurisdiction; (2) the state trial court lacked jurisdiction because the affidavit establishing probable cause for his arrest contained material misstatements; (3) he was arrested in a non-public place where he had a reasonable expectation of privacy; (4) he was arrested without probable

cause before he brandished the box cutter; (5) his display of the box cutter was not a crime because he acted in self-defense; (6) he was entrapped into brandishing the box cutter; (7) he was coerced into consenting to a search of his airplane; (8) officers lacked probable cause to search the bags in his airplane without a warrant; (9) the state trial court's findings of fact were clearly erroneous; (10) the prosecutor and federal agents engaged in a conspiracy to convict him and perjured themselves to do so; (11) the prosecution did not disclose exculpatory evidence to the defense; (12) the state violated *Crawford v. Washington*, 541 U.S. 36, 54 (2004), by introducing testimonial hearsay at a suppression hearing; (13) his trial court failed to instruct the jury on entrapment; (14) his trial court submitted questions of law to the jury; and (15) his pretrial and trial counsel were constitutionally ineffective.

Young reasserts these arguments on appeal, though he does not clearly identify them as supporting his ineffective assistance claim in his appellate brief. Nonetheless, we interpret his brief to assert these arguments in support of that claim, as he did before the district court.

To amount to constitutionally ineffective assistance, a counsel's performance must be both deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). To establish his attorney's performance was deficient, Young must show it fell below an objective standard of reasonableness. *Id*. at 688. To establish the performance was prejudicial, Young must show there

is a reasonable probability the result of his appeal would have been different if not for his counsel's unprofessional errors. *Id.* at 692.

When we review an ineffective assistance claim in a habeas petition from a state prisoner, our analysis must focus not on whether counsel's performance violated *Strickland*, but whether the state court's adjudication of the ineffective assistance claim was reasonable. *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011). So even if we might independently conclude Young's appellate counsel violated the *Strickland* standard, we must affirm the OCCA so long as at least some fairminded jurists would agree on the correctness of its decision. *Id.* at 786.

As an initial matter, Young claims the magistrate judge relied on the government's version of the facts in her analysis, and that these facts were materially false and misleading. Many of these claimed errors relate to the arguments Young asserts in support of his ineffective assistance claim. For example, he says the magistrate judge misrepresented the moment of his arrest and ignored the ICE officer's lack of jurisdiction and the fact that the federal agents coerced him into giving his consent to search his plane. Young also complains repeatedly that the magistrate judge ignored evidence supporting his claims and instead credited the state trial court's findings of fact, even though he established by clear and convincing evidence that these were false.

Young's arguments are unpersuasive. The magistrate judge was required to credit the state court's findings of fact absent clear and convincing evidence of

their falsehood. 28 U.S.C. § 2251(e)(1). Young claims to have provided such evidence, but we disagree. The magistrate judge assessed the evidence for the factual errors Young asserts and found his claims to be without merit.

As for Young's arguments, he generally makes the same arguments on appeal that he made before the district court, although he alleges several of them with more specificity. For example, although he argued before the district court that the affidavit supporting probable cause for his arrest contained materially misleading statements, he did not specify which statements were misleading. On appeal, he identifies five statements he claims were fabrications. Similarly he identifies specific, allegedly misleading statements made by the prosecution at his state trial, identifies additional exculpatory evidence he claims the prosecution withheld from his defense, and identifies specific questions of law he claims his trial judge improperly submitted to the jury.

Young's arguments are not persuasive. First, many of the so-called misleading statements Young points to depend on other claims he raised in his habeas petition: the agents who approached Young were not in uniform, the officer who arrested him was without jurisdiction, the federal agents searched his airplane before the Enid police arrived, he was actually under arrest before he drew his box cutter, and he was apprehended in a non-public place where his heightened expectation of privacy required the officers to obtain a warrant before searching his airplane. In addition, all the evidence Young claims the prosecution

withheld from his defense in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), relates to claims he raised before the district court.[2]  The magistrate judge addressed all of these arguments and found them to be without merit.  We discern no error in the magistrate judge's reasoning.  To the extent the success of Young's arguments about prosecutorial misstatements, *Brady* violations, and the misleading affidavit rest on the success of his other claims, these arguments fail.

Young also identifies several claimed errors or misstatements that do not relate to any arguments he raised before the district court, but these additional claims do not help him.  First, we normally do not consider arguments made for the first time on appeal as this deprives the district court of the opportunity to analyze and respond to those arguments.  *See Parker v. Scott*, 394 F.3d 1302, 1309 n.1 (10th Cir. 2005).  Second, the errors Young identifies are not errors.  All of the additional alleged misstatements by the prosecutor were actually made during one of two suppression hearings, not during trial.  As for the content of these statements, Young argues the prosecutor stated that the federal agents received information about Young's illegal activities from a confidential

---

[2]  In addition to the tape recording he brought to the district court's attention, Young now claims the government withheld reports by various federal agents proving their testimony was perjured, information showing the Enid Airport was a non-public place, and information proving the ICE agents who participated in his arrest lacked jurisdiction.  The only exculpatory information Young claims is in these reports are statements establishing the agents searched his plane prior to the arrival of Enid police.  Even if this is true, it is irrelevant, as the magistrate judge addressed in her report, because the agents had probable cause to search his plane based on his admission that it contained marijuana.

informant. This is supported by the record. Young claims the ICE agent denied having an informant, but read in context, it is clear the agent denied having information from an informant about what was in Young's plane on the day of his arrest, not about the general scope of Young's activities.

Young also claims the prosecution lied by saying during a suppression hearing that he bought heat-sealed bags, was unemployed,[3] and had a concealed weapons permit. First, all of these statements were based on the testimony of various federal agents. Second, Young does not explain how any of these statements are legally relevant to any of the arguments he makes.

Next Young raises a completely novel argument, namely that the trial court improperly allowed the prosecution to exempt several government witnesses from its general sequestration order. As we cannot find any reference to this argument in Young's § 2254 petition and brief to the district court, or in his state application for post-conviction relief, we will not consider it for the first time on appeal. *Parker*, 394 F.3d at 1309 n.1; *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (holding a state prisoner bringing a federal habeas petition must exhaust state remedies by raising claims in state court).

The final new argument Young makes on appeal is his contention that the trial court improperly submitted a number of questions of law to the jury. As discussed earlier, Young raised this claim before the district court but did not

---

[3] Young claims he was self-employed, not unemployed.

specify what questions of law were submitted to the jury. In his appellate brief, he lists a number of legal questions he claims were improperly submitted.

Young's claims are unsubstantiated by the record. The jury instructions do not contain any improper questions of law. The jury was asked to find whether various elements of the charged offense were present. The only two questions the jurors were asked that did not concern the charged offense were whether his attempt to evade the agents satisfied the elements of flight,[4] and whether the statement he gave to the agents that his plane contained marijuana was given without consent. These questions were not improper. In short, there is no merit to Young's argument that improper questions of law were submitted to the jury.

Young's remaining claims and arguments supporting his ineffective assistance of counsel claim are essentially the same as those he raised before the district court. As the magistrate judge noted, Young's appellate counsel actually raised several of these issues. Beyond this, the magistrate judge examined each of Young's claims and adequately addressed them in her report, which the district court adopted.

We have thoroughly reviewed the magistrate judge's report and the record and agree with it. Thus, we find Young has failed to show reasonable jurists

---

[4] If so, the jury was told it could consider Young's attempted flight when evaluating his guilt.

could debate whether the district court's resolution of his claims was correct. *Slack*, 529 U.S. at 484.

## C.  Cumulative Error and Due Process Violations

Young raised two other claims for relief before the district court: a claim that the cumulative errors in his trial mandated his conviction be vacated, and a claim that his procedural due process rights were violated by arbitrary and capricious state court rulings.  Young reasserts only the cumulative error claim on appeal but does not argue why the district court's disposition of the claim was incorrect.  We see no room for debate in the district court's conclusion that Young identified no errors in his asserted grounds for relief, so we also see no room for debate in its conclusion that no cumulative errors occurred in his trial. *See United States v. Crockett*, 435 F.3d 1305, 1318 (10th Cir. 2006).

# III.  Conclusion

For the foregoing reasons, we DENY Young's request for a COA and DISMISS his appeal.

<div style="margin-left: auto; width: 50%;">

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge

</div>